## Spicer v. Terry.

(Decided February 22, 1927.)

## Appeal from Breathitt Circuit Court.

1. Public Lands—Patent Issued on Junior Survey, Expressly Excluding Land Included in Another Patent, was Invalid in so Far as Patents Conflicted.—Patent issued on junior survey and by express terms excluding land included in another patent of which tract in controversy was a part, was invalid and of no effect in so far as patents conflicted.

2. Boundaries—Evidence of Marked Trees, Without Evidence Establishing Them as Beginning Corner Referred to in Patent was Insufficient to Reverse Decision that Patent Included Disputed Land.—Evidence of marked trees near pile of stones at beginning corner claimed by complainant, where there was no evidence establishing them as beginning corner referred to in patent, was not sufficient to authorize reversal of decision that patent under which complainant claimed included disputed land.

3. Estoppel—Grantor was Not Estopped by Deed from Denying Title to Disputed Land in Action Between Grantee and Another.—In action of ejectment by adjoining landowner against E.'s grantee, E. was not estopped by his deed from denying his title to disputed land by testifying that he used part of disputed land under contract with plaintiff recognizing plaintiff's right to disputed land.

4. Adverse Possession—Evidence Held Not to Show that Defendant in Ejectment Suit had Title by Adverse Possession.—In action in ejectment, evidence held not to show that defendant, in possession under color of title, had manifested title by adverse possession.

5. Champerty and Maintenance—That Deed Made when Land was Not Held Adversely was Not Recorded Until After Defendant's Entry on Lands did Not Make it Champertous.—That deed to plaintiff was not recorded until after defendant's entry upon lands in question did not make it champertous as to him, where it was not claimed that land was held adversely at time deed was made.

S. P. STAMPER for appellants.

GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Jacob Terry instituted this action in ejectment against Asberry Spicer in May, 1910. Spicer traversed and pleaded ownership. Later his wife intervened asserting ownership to a one-half interest by virtue of a

deed from her husband and was made a defendant. On a trial on November 1, 1911, a directed verdict was returned for Terry and a new trial was awarded and by agreement the action was transferred to equity. It was not submitted for trial until March, 1926, when judgment was rendered awarding Terry the land and $75.00 damages. Defendants appeal.

There are only six or seven acres of land in controversy and it lies on the Jetts creek side of the ridge dividing the waters of that creek from those of Turkey creek. Appellee traces title to the commonwealth through (1) a patent of fifty acres issued to Jesse Johnson on the 10th day of September, 1846; (2) deed from Jesse Johnson to Isaac Terry dated January 17, 1880, recorded February 5, 1906, and (3) deed from Isaac Terry to himself dated March 5, 1898, and recorded March 10, 1898.

The description in the Jesse Johnson patent is:

> "Beginning on the Roberts fork on Turkey creek at two beeches; thence up said fork S. 9 W. 30 poles to a white oak; thence W. 44 poles to a stake; thence S. 70 W. 78 poles to a stake; thence N. 60 poles to a stake; N. 76 E. 128 poles to a stake; thence S. 30 poles to the beginning."

The description in the deed from Jesse Johnson to Isaac Terry is:

> "Beginning at the Roberts fork at three beech trees and patented in the name of Jesse Johnson; thence up the Roberts fork on both sides of the gap at the head of Jetts creek; thence extending on with the line of said fifty acre patent so as to include all of the land that the said Johnson owns in said 50 acre survey."

The deed from Isaac Terry to appellee is for a larger boundary, but it is recited in the description "so as to include all the land I hold by patent or survey on Jetts creek." So that if the land in controversy was embraced in the Jesse Johnson patent and in his deed to Isaac Terry it passed by this conveyance.

It is shown that only one patent issued to Jesse Johnson. Appellee testifies that he was acquainted with the beginning corners and boundaries of both deeds and the land in controversy was embraced therein. He further

stated that the beeches at the beginning corner are now gone and that the corner is marked by a pile of stones; he has had the land surveyed twice, beginning at that corner and both surveys run across the dividing ridge between Turkey and Jetts creeks and include the land in controversy. In this he is corroborated by the surveyor. He also claims that he went in possession under his father, Isaac Terry's deed in 1898, and has been living on the boundary conveyed him continuously since that time, and has a tenant house on the fifty acre patent.

On the other hand, appellant claims that the land in controversy was included in a prior patent issued to R. W. Rose on the 10th day of September, 1846; that Rose conveyed same to John Fox on the 29th of January, 1875. Fox sold the Rose tract to John Evans, but no deed is produced. In September, 1905, Evans sold his land to Asberry Spicer by title bond, and in April, 1906, executed deed to him; that all of the deeds mentioned call for the dividing ridge between Turkey and Jetts forks as the line betwen this and the Terry land and embrace the lands in controversy. Also that he entered in possession in September, 1905, and has since been continuously living on his tract of land which was held in possession by his predecessors in title for more than the statutory period of limitation.

It is argued, first, that the Rose patent is superior to the Johnson patent and to the extent of the conflict the latter was void. As to this it appears that the Rose patent was issued on a junior survey and by express terms excludes the fifty acres surveyed to Jesse Johnson, hence we must conclude that so far as the two conflict the Rose patent was invalid and of no effect. There is some evidence of marked trees still standing near the pile of stones at the beginning corner claimed by Terry, on Turkey creek. Starting at these the survey, according to the calls in the Johnson patent, would exclude the disputed land; but there is no evidence establishing these trees as the beginning corner, and this evidence is not sufficient to authorize us to reverse the ruling of the chancellor on this point. We therefore conclude that appellee has shown a valid paper title to the land in controversy. The various deeds relied upon by appellant thus become important only to show the extent of possession held by himself and predecessors under color of title. The deed from Rose to Fox seems to call for the ridge as the line between the lands of Rose and Terry, although

it only purports to convey the land in the Rose patent, which we have seen excluded the Johnson patent. However that may be, no possession is shown under Fox, and as no deed was produced from Fox to Evans it cannot be claimed that the extent of Evans' possession is shown thereby, hence the first claim of possession under color of title began with Spicer's possession under title bond from Evans in September, 1905, only five years before the institution of the suit. However, if Evans had been claiming adverse possession to a marked boundary without color of title it would inure to Spicer's benefit. But the facts do not show that Evans was claiming ownership of the disputed lands. Indeed, he and his wife as well as plaintiff and plaintiff's brother all testify that Evans cleared up and used a part of the disputed land under a contract with plaintiff, which recognized plaintiff's right to all of the disputed land and that Evans surrendered possession to him before the sale to Spicer, and this is not contradicted by anyone.

It is earnestly insisted by appellant that Evans is estopped by his deed from denying his title to the disputed land. Assuming that the disputed land is included in the deed to Spicer we do not think this contention can prevail. While perhaps available in a suit between Spicer and Evans there is no reason why the plaintiff in this action cannot rely on Evans' statement as to the contract between them. We therefore conclude that the appellant has failed to manifest a title by adverse possession.

It is lastly urged that the deed from Isaac Terry to plaintiff was not recorded until after the entry of appellant upon the lands in question and that it was therefore champertous as to him. There is no merit in this contention, as it is not claimed the land was held adversely at the time the deed was made. As to this we held in Abbott v. Perkinson, 144 Ky. 495, "A conveyance made in pursuance of an oral contract which was entered into when there was no adverse possession of the land is not within the champerty statute, although possession was adverse at the time of the making of the deed."

Wherefore, the judgment is affirmed.